FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 6 1999

CLERK

CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LONNIE BROWN,

    Plaintiff,

v.    No. CIV-98-1202 JP/LFG

STATE OF NEW MEXICO,
NEW MEXICO DEPT. OF CORRECTIONS,
ROB PERRY, SECRETARY OF CORRECTIONS,
JOHN H. SHANKS, DIR. ADULT PRISONS,
CATHLEEN CATANANCH [sic], SUPERVISOR
CENTRAL RECORDS UNIT,
SARAH SMITH, CHIEF CLASSIFICATION
OFFICER, (M.R.U.),
JENNIFER ROYBAL, RECORDS (M.R.U.),
JOE WILLIAMS, WARDEN, (C.N.M.C.F.),
ROBERTA LUCERO, CHIEF CLASSIFICATION
OFFICER (C.M.R.U.),
DONNA SYLVESTRE, CASEWORKER (C.M.R.U.),
RITA FRANCO, RECORDS MANAGER (C.M.R.U.),
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

ENTERED ON DOCKET
1/11/99

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, notwithstanding the order of reference (Doc. #2) to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under



Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and alleges that Plaintiff has been deprived of good time credits earned against his term of imprisonment on a state criminal conviction. Plaintiff's records allegedly contain numerous errors, and Defendant Lucero failed to correct the errors in administrative proceedings. Plaintiff seeks restoration of good time credits against his sentence and damages.

First, Plaintiff's claim for restoration of good time credit affects the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *cf. Green v. Knowles*, 153 F.3d 727 (Table, text in Westlaw), 1998 WL 458561 (10th Cir. 1998), and is thus cognizable only in a habeas corpus proceeding. *Wolff v. McDonnell*, 418 U. S. 539, 554 (1974); *Taylor v. Wallace*, 931 F.2d 698, 699 n.1 (10th Cir. 1991). This claim will be dismissed without prejudice to Plaintiff's right to file a petition under 28 U.S.C. § 2254 after the claim is exhausted in state court.

Second, Plaintiff's claim for damages based on denial of good time credits is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), where the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the

conviction." In a subsequent decision the Court extended the rule announced in *Heck* to § 1983 actions based on denial of good time credit. *Edwards v. Balisok*, 520 U.S. 641, ----, 117 S.Ct. 1584, 1589 (1997). Plaintiff's damages claim are prohibited as "parallel litigation," *Heck*, 512 U.S. at 484 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)), and will be dismissed without prejudice. *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and this proceeding is DISMISSED.

/s/ [signature]
UNITED STATES DISTRICT JUDGE